UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6085

CIV-MOORE

MAGISTRATE JUDGE O'SULLIVAN

CLAIRE'S STORES, INC.,

    Plaintiff,

v.

APAX PARTNERS & CIE FINANCE, S.A.,

    Defendant.

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Claire's Stores, Inc. ("Claire's") sues Defendant, Apax Partners & Cie Finance S.A. ("Apax") and alleges as follows:

1.    This is an action seeking declaratory relief pursuant to 28 U.S.C. §2201.

### I.    PARTIES

2.    Plaintiff Claire's Stores, Inc. is a Delaware corporation authorized to do business in the State of Florida. Plaintiff's headquarters are located in Pembroke Pines, Florida.

3.    Defendant Apax Partners & Cie Finance S.A. is a foreign corporation with its principal place of business in Paris, France.

### II.    JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2), because there is complete diversity of citizenship between the Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

5. This court has personal jurisdiction over Defendant by virtue of the last paragraph of Section J of the November 13, 1997 Advisory and Technical Assistance Mandate (the "Mandate") in which the parties agreed to submit themselves to the jurisdiction of the State of Florida to resolve any dispute arising from the interpretation or application of the Mandate.

6. Venue properly lies within the Southern District of Florida pursuant to 28 U.S.C. §1391(a)(3).

7. Claire's has retained the law firm of Greenberg Traurig, P.A. ("Greenberg Traurig") to represent it in this action. Claire's is obligated to pay Greenberg Traurig its reasonable attorneys' fees and costs incurred in the prosecution of this case. Claire's has incurred costs and attorneys' fees in bringing this action.

8. All conditions precedent to bringing this lawsuit, if any, have been performed, waived, excused, or have otherwise occurred.

### III. STATEMENT OF THE FACTS

9. Claire's is a leading mall-based retailer of popular priced accessories and costume jewelry which presently owns and operates numerous stores throughout the United States, the Caribbean, Canada, Japan and Europe.

10. Apax is a French investment banking company.

11. On or about November 13, 1997, Claire's and Apax entered into a contractual agreement titled Advisory and Technical Assistance Mandate (the "Mandate") whereby Claire's enlisted the services of Apax to identify, approach and negotiate on Claire's behalf the acquisition of one or more companies in Europe specializing in medium-priced women's fashion accessories. A true and correct copy of the Mandate is attached hereto as Exhibit "A".

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE MIAMI, FLORIDA 33131
305-579-0500 FAX 305-579-0717 www.gtlaw.com
MIAMI NEW YORK WASHINGTON, D.C. ATLANTA PHILADELPHIA TYSONS CORNER CHICAGO
SÃO PAULO FORT LAUDERDALE WEST PALM BEACH ORLANDO TALLAHASSEE BOCA RATON

12. Pursuant to paragraph C1 of the Mandate, Claire's paid Apax a retainer fee of $90,000.

13. Pursuant to paragraph C2 of the Mandate, upon the conclusion of an acquisition, Claire's was to pay Apax a success fee calculated as a percentage of the acquisition price (the "Success Fee").

14. One of the companies contemplated by Claire's for acquisition was the French company, Cleopatre.

15. After executing the Mandate, Apax approached Cleopatre's majority shareholders with Claire's offer to purchase the company (the "Purchase Offer").

16. The majority shareholders of Cleopatre rejected Claire's Purchase Offer.

17. Apax, without Claire's authority or knowledge, then contacted the minority shareholders of Cleopatre so that they would exert pressure on the company's majority shareholders to accept the Purchase Offer.

18. Upon learning that Apax had contacted the minority shareholders, the majority shareholders, incensed at Apax's tactics, called off all negotiations with Claire's.

19. As a result of Apax's unprofessional tactics, on January 6, 1999, Claire's properly terminated the Mandate. A copy of the required letter of termination sent by Claire's to Apax is attached hereto and incorporated herein as Exhibit "B".

20. Pursuant to paragraph J(2) of the Mandate, "if the [m]andate is terminated and a transaction is completed within one year of the termination," Claire's shall pay Apax a percentage of the transaction price according to the schedule set forth in paragraph C(2) of the Mandate.

3

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE MIAMI, FLORIDA 33131
305-579-0500 FAX 305-579-0717 www.gtlaw.com
MIAMI  NEW YORK  WASHINGTON, D.C.  ATLANTA  PHILADELPHIA  TYSONS CORNER  CHICAGO
SÃO PAULO  FORT LAUDERDALE  WEST PALM BEACH  ORLANDO  TALLAHASSEE  BOCA RATON

21. After it terminated Apax and after much hard work and effort, and the intervention of a third party friendly to Cleopatre's majority shareholders, Claire's was able, but not until July, 1999, to convince Cleopatre's majority shareholders to reopen negotiations regarding the sale of the company to Claire's.

22. On December 10, 1999, Claire's entered into a Sale and Purchase Agreement with Cleopatre (the "Sale and Purchase Agreement") for Claire's purchase of Cleopatre. The completion of Claire's acquisition of Cleopatre is contingent on several conditions precedent, including the final determination of the purchase price based on Cleopatre's December 31, 1999 financial statements, all of which have not yet occurred.

23. Pursuant to the Sale and Purchase Agreement, Claire's acquisition of Cleopatre must be completed by February 29, 2000, assuming all conditions precedent have been satisfied, but no firm completion date has been or can be scheduled until Cleopatre's December 31, 1999 financial statements are received from Cleopatre's management.

24. Despite the fact that Claire's acquisition of Cleopatre will be completed more than one year after the termination of the Mandate, Apax has demanded payment of the Success Fee.

## COUNT I - CLAIM FOR DECLARATORY RELIEF

Plaintiff Claire's Stores, Inc. repeats the allegations set forth above in paragraphs 1-25 above and further states:

25. This is an action for declaratory relief pursuant to 28 U.S.C. §2201.

26. 28 U.S.C. §2201(a) provides, in relevant part, as follows:

> In a case of actual controversy within its jurisdiction . . . any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further

4

relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

27. An actual controversy, within the jurisdiction of this Court, exists between Claire's and Apax.

28. Pursuant to paragraph J(2) of the Mandate, Claire's is only required to pay Apax the Success Fee set forth in paragraph C(2) of the Mandate if Claire's completes a transaction within one year of the termination date of the Mandate.

29. Claire's properly terminated the Mandate on January 6, 1999.

30. Claire's purchase of Cleopatre will not be completed until at least February 15, 2000, and perhaps not until February 29, 2000. The completion date of the Sale and Purchase Agreement is thus more than one year after the termination date of the Mandate.

31. On January 4, 2000, Apax sent Claire's an invoice requesting immediate payment of the Success Fee pursuant to paragraph J(2) of the Mandate even though the Sale and Purchase Agreement will be completed more than one year after the date of the Mandate's termination, January 6, 1999. A true and correct copy of the January 4, 2000 correspondence from Apax requesting payment of the Success Fee and enclosed invoice is attached hereto as Composite Exhibit "C".

32. On January 12, 2000, Claire's replied to and rejected Apax's demand for payment of the Success Fee. A true and correct copy of the January 12, 2000 correspondence is attached as Exhibit "D".

5

33.   It is Claire's position that Apax is not entitled to payment of the Success Fee because the Sale and Purchase Agreement will not be completed until more than one year after the date of the Mandate's termination.

34.   Apax asserts that it is entitled to the Success Fee because Claire's terminated the Mandate without justification and because Claire's and Cleopatre have allegedly finalized an agreement for the purchase of Cleopatre even though the purchase has not yet been completed.

35.   By disputing the validity of the Mandate's termination and by making demand for payment of the Success Fee, Apax has implied a willingness to pursue legal action against Claire's. Accordingly, Claire's is strongly concerned that Apax will take judicial action to preclude the completion of Claire's acquisition of Cleopatre and thereby expose Claire's to great harm and potential liability.

36.   A bona fide and actual controversy therefore exists between the parties as to whether Claire's is required to pay Apax the Success Fee pursuant to paragraph J(2) of the Mandate.

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE MIAMI, FLORIDA 33131
305-579-0500  FAX 305-579-0717  www.gtlaw.com
MIAMI  NEW YORK  WASHINGTON, D.C.  ATLANTA  PHILADELPHIA  TYSONS CORNER  CHICAGO
SÃO PAULO  FORT LAUDERDALE  WEST PALM BEACH  ORLANDO  TALLAHASSEE  BOCA RATON

WHEREFORE, for all the foregoing reasons, Claire's requests a judicial declaration that adjudicates that, pursuant to paragraph J(2) of the Mandate, Apax is not owed any further compensation because the Sale and Purchase Agreement between Claire's and Cleopatre has not yet been completed and will not be completed until after the one year anniversary of the Mandate's termination; pursuant to 28 U.S.C. §2802, award such supplemental relief that may be necessary to adjudicate Claire's rights under the Mandate, and award such other relief as the Court deems just and proper.

Dated: This ___ day of January, 2000.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
Attorneys for Claire's Stores, Inc.
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

By:_____
HILARIE BASS
Florida Bar No. 334243
JUDD J. GOLDBERG
Florida Bar No. 0115924

MIAMI3/GOLDBERGU/182667/3wy302!.DOC/1/14/00/99999.092583

7

*Apax Partners & Cie*

## ADVISORY AND TECHNICAL ASSISTANCE MANDATE

November 13, 1997

Apax Partners & Cie
Finance s.a.
45, avenue Kléber
75784 Paris Cedex 16
Tél: (33) 1 45.53.01.32
Fax: (33) 1 47.55.05.84

**The Undersigned** :

1. Claire's Stores Inc.

    Having its headquarters at 3 S.W. 129 Avenue, Pembroke Pines, Florida 33027

    Represented by Mr Rowland Schaefer

    From hereon referred to as the **"MANDATOR"**

2. Apax Partners & Cie Finance s.a.

    Having its headquarters at 45 avenue Kléber, 75116 Paris, France

    Represented by Mr Wladimir Mollof

    Referred to hereafter as the **"MANDATEE"**

**HEREBY AGREE TO THE FOLLOWING** :

s.a. au capital de 250 000 F
RCS Paris B 380 415 976
PARIS · LONDRES · MADRID · MUNICH · NEW YORK · PALO ALTO · PHILADELPHIE · ZURICH

ATTACHMENT / EXHIBIT A

## A. MANDATE OBJECTIVE

The MANDATOR has enlisted the services of the MANDATEE with a view to identify, approach and to negotiate on behalf of the MANDATOR the acquisition of one or two companies specializing in medium-priced women's fashion accessories in Continental Europe, the "Targets". The targets identified are Cleopatre - prime target -, Biche de Bere, Agatha, Domino and Picpus in France, Bijoux Brigitte in Germany.
The MANDATEE may also identify additional targets to be submitted to the MANDATOR, and also assist the MANDATOR, if he so wishes, with the acquisition of Bijoux One in Switzerland.

The term acquisition refers to all operations whereby the MANDATOR or a company under its control acquires a holding in the "Targets", control of the "Targets", or part of the assets of the "Targets".

The MANDATEE's work will be in two stages

1. Preparation of an Information Memorandum and valuation of the "Targets". At this stage, the MANDATOR will decide whether to pursue the opportunity further.

2. Should a decision be taken to enter into negotiations, the MANDATEE will assist in the formulation of an offer, the management of the due diligence process and the final negotiations.

The MANDATEE will not be authorised to commit the MANDATOR to any obligations regarding the vendor. The decision as to whether to proceed with the acquisition as well as the acceptance of the terms and conditions of the acquisition will be solely the decision of the MANDATOR.

## B. EXCLUSIVITY

The mandate is exclusive to both parties for its duration, stipulated in paragraph J below. The MANDATOR agrees, for the duration of the mandate, not to enlist the services of any other party to provide advisory services similar to those provided for under the present mandate. Equally the MANDATEE agrees not to accept any other mandate concerning the acquisition of the "Targets".

In addition, the MANDATOR, for a period of one year following the expiration of this present mandate, commits to use the services of Apax Partners & Cie Finance s.a. for the acquisition of all or part of the share capital or assets of the "Targets", or failing which, will pay to Apax Partners & Cie Finance s.a. the sums due under the present mandate.

Should the MANDATOR decide at any stage not to proceed with the acquisition of the "Targets", the MANDATEE will be free to present the "Targets" as an acquisition opportunity to any other parties of its choice.

## C. FEES

The fees payable under this mandate in consideration for the work stipulated in paragraph A will be as follows:

C(1) A retainer fee of US$ 18,000 per month up to maximum US$ 90,000. The retainer fee will be due at the beginning of each month (or 30 day period) on receipt of the invoice, the first payment will be due upon acceptance of the terms and conditions of the present mandate.

The amount due under this paragraph will be deducted in full from any success fee payable under C(2) below.

C(2) Upon conclusion of the acquisition, and only upon conclusion, the MANDATOR will pay to the MANDATEE a success fee calculated as a percentage of the total consideration. If the acquisition fails to close for any reason, including but not limited to a default on the part of the MANDATOR, no success fee will be payable.

The total consideration, for purposes of this mandate, will be calculated as the sum of all amounts payable pursuant to the acquisition agreement, including all amounts paid upon the signing of the agreement and all future amounts to be paid, in any form, by the MANDATOR or any associated party. This amount will include exceptional dividends or any other payments provided for under the acquisition agreement and will include, in the case of an acquisition of assets (as opposed to capital stock), all bank debt.

The success fee will be calculated as follows:

5% (HT) from 0 to US$ 2.0 million
4% (HT) from US$ 2.0 to US$ 4.0 million
3% (HT) from US$ 4.0 to US$ 5.0 million
2% (HT) from US$ 5.0 to US$ 6.0 million
1% (HT) over and above US$ 6.0 million.

This success fee, which will be subject to a minimum of US$ 250 000, will be payable in full on the date of conclusion of the acquisition.

For the purposes of currency translation, if applicable, the official exchange rate of the 'Bourse de Paris' on the date of signature will apply.

## D. RESPONSIBILITY

The MANDATEE agrees to provide all the necessary means at its disposal to ensure the successful conslusion of its assignment.

The MANDATEE however cannot guarantee the outcome of negotiations, its role being solely that of advisor to the MANDATOR.

All documents prepared by the MANDATEE and delivered under the mandate will be prepared from information provided by the vendor, the MANDATOR or publicly available information sources and as such the MANDATEE cannot accept any responsibility whatsoever for the accuracy or completeness of their content.

The MANDATOR should not rely on these documents as a substitute for its own due diligence and the MANDATEE accepts no responsibility for any errors or omissions.

## E. EXPENSES

All reasonable out-of-pocket expenses incurred during the course of the mandate will be for the account of the MANDATOR.

All fees and commissions payable to outside advisors called upon to assist in the completion of the transaction subject to the agreement of the MANDATOR will be for the account of the MANDATOR.

The above fees and expenses will be invoiced on a monthly basis.

## F. PUBLICITY

The MANDATEE, following the completion of the transaction, will be free to publish at its expense, in various newspapers and magazines, a description of its role in the transaction.

## G. NOTIFICATIONS

Notices may be made by any means that is convenient as long as evidence of communication is available.

Notices should be sent to the addresses indicated in the present mandate unless either of the parties has communicated a change of address or it is clear that an address has changed.

## H. CONFIDENTIALITY

The MANDATEE will keep confidential all information communicated to it by the MANDATOR under the present mandate and will only use this information to carry out its duties under the present mandate.

The MANDATEE agrees to return to the MANDATOR all documents that have been communicated to it upon the request of the MANDATOR and will not keep any copies or exerpts thereof.

## I. INDEMNITY

The MANDATOR will indemnify the MANDATEE for all losses, claims and damages to which the MANDATEE may become liable as a result of the present mandate, unless it is determined by court decision that these losses, claims or damages result from the negligence of the MANDATEE.

The MANDATOR will reimburse the MANDATEE, without delay, all fees and expenses relating to its defense in any proceedings brought against it as a result of the present mandate. It is also agreed that if the MANDATEE is at fault, then these fees and expenses will be repaid to the MANDATOR.

## J. VALIDITY

This mandate becomes effective at the date of signature and will be valid for a period of one year, renewed automatically for periods of 6 months, unless terminated in writing.

The mandate will terminate automatically upon both the completion of the transaction and the payment of all sums under this agreement.

Either party can terminate the agreement by registered mail with a minimum notice of thirty days, however:

(a) clauses C, E, H and I of the present mandate will remain valid following the termination of the mandate, and

(b) if the mandate is terminated and a transaction is completed within one year of the termination, the MANDATOR will pay the MANDATEE the success fee described in paragraph C(2).

This mandate will be governed by French law and Florida state law. Any dispute rising from the interpretation and application of the present mandate will be brought before a tribunal within the jurisdiction of the Court of Appeal of Paris, and that of the Main Court in the state of Florida.

Written in two originals

Claire's Stores Inc.

By Rowland Schaefer

Apax Partners & Cie Finance s.a.

By Wladimir Mollof

*Page 6*



CHAIRMAN OF THE BOARD

<u>VIA FACSIMILE (011-33-1--53-65-01-11) AND REGISTERED MAIL</u>

January 6, 1999

Apax Partners & Cie
Finance s.a.
45, avenue Kleber
75784 Paris, Cedex 16

Attention: Wladimir Mollof

Gentlemen:

This will serve as notice of termination, effective thirty (30) days from this date, of the Advisory and Technical Assistance Mandate agreement between us dated November 13, 1997.

Very truly yours,

CLAIRE'S STORES, INC.

Rowland Schaefer,
Chairman of the Board and
Chief Executive Officer

RS/cr
bcc: Mark Smith
     Peter Bossert
     Jean-Phillippe de Valleuil
     Hal Berritt
     Ira Kaplan

3 S.W. 129 AVENUE  PEMBROKE PINES, FLORIDA 33027  954 433-3900  FAX: 954 433-3999
P.O. BOX 9312  MIAMI, FLORIDA 33014-9312

ATTACHMENT / EXHIBIT B

*Apax Partners & Cie*

Mr Rowland Schaefer
Claire's Stores Inc.
3 S.W. 129 Avenue
Pembroke Pines
Florida 33027

*Personal & Confidential*

January 4, 2000

Apax Partners & Cie
Finance s.a.
45, avenue Kléber
75784 Paris Cedex 16
Tél: +33 (0)1 53 65 01 10
Fax: +33 (0)1 53 65 01 11
finance@apax-partners.fr
Assistants :
C. Cochelin : Ext. 01 18
V. Blanchard : Ext. 01 19

Dear Mr Schaefer,

Following your announcement on the 14th December of the acquisition by your company of Cleopatre and in accordance with article C(2) of the mandate signed with our company on November 13, 1997, I am attaching an invoice for your settlement at your earliest convenience. It is based on the total transaction value mentioned in the press announcements done by your company. I would appreciate if you could confirm to me such value for the transaction.

Very Truly Yours,

Wladimir Mollof

ATTACHMENT / EXHIBIT C

*Apax Partners & Cie*

Mr Rowland Schaefer
Claire's Stores Inc.
3 S.W. 129 Avenue
Pembroke Pines
Florida 33027

*Personal & Confidential*

December 30, 1999

Apax Partners & Cie
Finance s.a.
45, avenue Kléber
75784 Paris Cedex 16
Tél: +33 (0)1 53 65 01 10
Fax: +33 (0)1 53 65 01 11
finance@apax-partners.fr
 Assistants :
 C. Cochelin : Ext. 01 18
 V. Blanchard : Ext. 01 19

**INVOICE # 99083**

**Agreement :** Advisory and technical assistance mandate dated of November 13, 1997

**Responsible :** Wladimir Mollof

*Total transaction value : $ 11 000 000.00*

Success fees :

| | | |
|---|---|---|
| *5% from 0 to US$ 2.0 M* | *$* | *100 000.00* |
| *4% from US$ 2.0 to US$ 4.0 M* | *$* | *160 000.00* |
| *3% from US$ 4.0 to US$ 5.0 M* | *$* | *150 000.00* |
| *2% from US$ 5.0 to US$ 6.0 M* | *$* | *120 000.00* |
| *1% over and above US$ 6.0 M* | *$* | *50 000.00* |

TOTAL AMOUNT                    $    580 000.00

Retainer Fees deducted
from Success Fees               $    - 90 000.00

**TOTAL AMOUNT**                $    **490 000.00**

We would appreciate if you transferred this amount as soon as possible to our account n° **138248** with

Bank:        Crédit du Nord
             19 bis rue Legendre
             75017 Paris
Bank n°:     30076
Counter n°:  02042
Account:     n° 13824800200
Clé RIB:     50

Our VAT number: FR 66380415976
Payable upon receipt, thank you

*"Exempted from paying VAT, art 259B"*



CHAIRMAN OF THE BOARD

January 13, 2000

Mr. Wladimir Mollof
Apax Partners & Cie
Finance s.a.
45, avenue Kleber
75784 Paris Cedex 16

Dear Mr. Mollof:

In reply to your letters of January 3, and January 4, 2000, and to your invoice of December 30, 1999, let me clarify matters for you.

First, we have not "finalized" the acquisition of the Cleopatre retail network. Rather, the transaction is still subject to a number of contingencies and uncertainties (including a determination of its actual value) and will not be completed until the latter part of February. Under paragraph J(b) of your mandate it is made explicitly clear that Apax is not entitled to any compensation if the acquisition is completed more than one year after termination of the mandate.

Second, as you acknowledged in your letter to me of March 19, 1999, your unauthorized actions did antagonize the sellers, so much so, in fact, as to be nearly fatal to the transaction, and it was only after your involvement was terminated that the sellers would even consider discussing the matter with us. Indeed, our termination of your mandate was not only fully justified, but was essential if the transaction were to reach the bargaining table at all.

Third, as to the use of your "services" (which were really more of a disservice to our purposes), the $90,000 you have already been paid is more than adequate, if not excessive, compensation. I should further point out that the grossly exaggerated amount claimed in your invoice was apparently calculated with the same lack of care you showed in the discharge of your mandate.

Very truly yours,

Rowland Schaefer
Chairman of the Board and
Chief Executive Officer

RS/bk

ATTACHMENT / EXHIBIT

3 S.W. 129 AVENUE  PEMBROKE PINES, FLORIDA 33027  954 433-3900  FAX: 954 433-3999

# CIVIL COVER SHEET  00-6085 CIV-MOORE

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

MAGISTRATE JUDGE O'SULLIVAN

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CLAIRE'S STORES, INC. | APAX PARTNERS & CIE FINANCE, S.A. |

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Paris, France
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A-Broward 00cv6085 moore/O'Sullivan

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, FL 33131

**ATTORNEYS (IF KNOWN)**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN X ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated of Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☒ 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This is a claim for declaratory relief pursuant to 28 U.S.C. Sec. 2201. Jurisdiction is based on 28 U.S.C. 1332(a).

**IVa.** _____ days estimated (for both sides) to try entire case

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| A CONTACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 362 Personal Injury-Med Malpractice | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury-Product Liability | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending B | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personnel Property Damage | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | **A LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | ☐ 720 Labor Management Relations B | ☐ 865 RSI (405(g)) | |
| | **B PRISONER PETITIONS** | ☐ 730 Labor Management Reporting & Disclosure Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General * | ☐ 791 Employee Ret. Inc Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | ☒ 890 Other Statutory Actions * |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B | | * A or B |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- ☒ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A ☐ CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
☐ Check YES only if demanded in complaint: ☐ YES
JURY DEMAND: ☒ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions): JUDGE_____ DOCKET NUMBER_____

DATE 1/18/2000
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 81674
Date Paid: 1/18/02
Amount: 150
M/ifp: _____