UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6085 CIV-MOORE

CLAIRE'S STORES, INC.

      Plaintiff,

vs.

APAX PARTNERS & CIE FINANCE, S.A.,

      Defendant.
_____/

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant Apax Partners & Cie Finance, S.A. ("Apax"), by and through the undersigned counsel, files this answer, affirmative defenses and counterclaim to the complaint filed by the plaintiff Claire's Stores, Inc. ("Claire's") and states:

## ANSWER

1. Apax admits that this purports to be the action described in paragraph 1, but denies that Claire's is entitled to such relief.

2. Apax is without knowledge as to the allegations in paragraph 2 and they are therefore denied.

3. Admitted.

4. Admitted.

5. Denied.

6. Denied.

7. Apax is without knowledge as to the allegations in paragraph 7 and they are therefore denied.

8. Denied.

26. The document speaks for itself and the allegations are therefore denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Admitted that Apax sent Claire's an invoice requesting payment of the Success Fee, but Apax denies the remaining allegations.

32. Admitted that Claire's has not paid Apax the Success fee.

33. Apax is without knowledge as to these allegations and they are therefore denied.

34. As for the allegations in paragraph 34, Apax admits that it is entitled to the Success Fee because, amongst other things, the Mandate was terminated without justification, but denies the remaining allegations therein and that the transaction was not completed.

35. Denied.

36. Denied.

37. All remaining allegations are denied. Anything not specifically admitted herein is denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Since the Mandate was terminated improperly and in an attempt to avoid payment of the Success Fee to Apax, Claire's is precluded from pursuing this action and Apax is entitled to the Success Fee.

### Second Affirmative Defense

Since the transaction between Claire's and Cleopatre was completed within one year of the

9. Apax is without knowledge as to the allegations in paragraph 9 and they are therefore denied.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted that paragraph C(2) of the Mandate provides for payment of the Success Fee, but the document speaks for itself.

14. Admitted that Cleopatre was one of the target companies set forth in the Mandate; the remaining allegations are denied.

15. Denied.

16. Denied.

17. Denied

18. Denied.

19. Denied.

20. As for the allegations in paragraph 20, the contractual provisions speak for themselves and the allegations are therefore denied.

21. Denied.

22. Admitted that Claire's entered into a Sale and Purchase Agreement with Cleopatre, but Apax denies the remaining allegations.

23. Denied.

24. Admitted that Apax has demanded payment of the Success Fee, but Apax denies the remaining allegations.

25. Admitted that this purports to be an action for declaratory relief, but Apax denies that Claire's is entitled to the relief requested.

termination of the Mandate, Apax is entitled to the Success Fee.

**Third Affirmative Defense**

Since Claire's intentionally postponed the "closing" of the Cleopatre acquisition in order to attempt to avoid payment of the Success Fee, Apax is entitled to payment of the Success Fee.

**Fourth Affirmative Defense**

Claire's improperly terminated the Mandate and intentionally postponed the "closing" of the Cleopatre acquisition to attempt to avoid payment of the Success Fee, constituting a breach of the covenant of good faith and fair dealing which is implicit in every contract.

**Fifth Affirmative Defense**

Claire's breached its obligations to Apax when it improperly terminated the Mandate and/or delayed the closing of the purchase of Cleopatre to attempt to avoid payment of the Success Fee. Apax is therefore entitled to the Success Fee.

WHEREFORE, defendant Apax Partners & Cie Finance, S.A. respectfully requests that this Court enter judgment in its favor and against Claire's Stores, Inc., awarding interest and costs, and for such other and further relief as the Court deems proper.

## COUNTERCLAIM

Defendant/counterplaintiff Apax Partners & Cie Finance, S.A. ("Apax"), by and through the undersigned counsel, files its counterclaim against Claire's Stores, Inc. ("Claire's") and states:

1. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. Section 1332 (a)(2) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

2. Venue is proper in the Southern District of Florida by virtue of 28 U.S.C. Section 1391 (a)(1).

3. Claire's is a Delaware corporation authorized to do business in the State of Florida

and its headquarters are located in Broward County, Florida.

4. Apax is a foreign corporation with its principal place of business in Paris, France.

5. Apax has retained the law firm of Genovese Lichtman Joblove & Battista, P.A. to represent it in this action and it is obligated to pay it a reasonable fee for its services. Apax has incurred costs and attorney's fees in bringing this action.

6. All conditions precedent to the bringing of this action have been performed, have occurred or have been waived.

7. On or about November 13, 1997, Claire's and Apax entered into an Advisory and Technical Assistance Mandate ("Mandate") whereby Claire's retained the services of Apax to assist in the acquisition of certain companies in Europe, including Cleopatre. A copy of the Mandate is attached as Exhibit "A".

8. Paragraph J of the Mandate provides that if it is terminated, Claire's agreed to pay to Apax the Success Fee described in paragraph C(2) if a transaction is completed within one year of termination.

9. As set forth by Claire's in its complaint, on December 10, 1999, Claire's entered into a Sale and Purchase Agreement with Cleopatre, one of the "prime" targets set forth in the Mandate.

10. Although the agreement for Claire's acquisition of Cleopatre was executed in December, 1999, the "closing" of the acquisition was not scheduled to and purportedly did not occur until February, 2000.

11. Apax is entitled to payment of the Success Fee because:

(a) By virtue of the execution of the Sale and Purchase Agreement between Claire's and Cleopatre within one year of the Mandate's termination, the transaction was timely completed;

b) The closing of the transaction was intentionally postponed to attempt to avoid

payment to Apax of the Success Fee; or

(c) The Mandate was improperly terminated to attempt to avoid payment of the Success Fee.

12. Claire's failure and refusal to pay to Apax the Success Fee constitutes a breach of the Mandate.

13. As a direct and proximate result of Claire's breach of the Mandate, Apax has been damaged.

WHEREFORE, defendant Apax Partners & Cie Finance, S.A. respectfully requests that this Court enter judgment against Claire's Stores, Inc. for damages, interest and costs, and for such other and further relief as the Court deems proper.

Respectfully submitted,

GENOVESE LICHTMAN JOBLOVE & BATTISTA
100 Southeast Second Street, 36th Floor
Miami, Florida 33131
(305) 349-2300 - Telephone
(305) 349-2310 - Facsimile

By: _____
Charles H. Lichtman, Esquire
Florida Bar No. 501050
Jessica Serell Erenbaum
Florida Bar No. 816000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail this ___ day of June, 2000, to Hilarie Bass, Esquire, Greenberg Traurig, P.A., 1221 Brickell Avenue, Miami, Florida 33131.

By: _____
Counsel

X:\Documents\WX\A\APAX\pleadings\0ANSWER & AFF.DEF



# Apax Partners & Cie

**ADVISORY AND TECHNICAL ASSISTANCE MANDATE**

November 13, 1997

Apax Partners & Cie
Finance s.a.
45, avenue Kléber
75784 Paris Cedex 16
Tél: (33) 1 45.53.06.32
Fax: (33) 1 47.55.05.84

**The Undersigned :**

1.  Claire's Stores Inc.

    Having its headquarters at 3 S.W. 129 Avenue, Pembroke Pines, Florida 33027

    Represented by Mr Rowland Schaefer

    From hereon referred to as the "MANDATOR"

2.  Apax Partners & Cie Finance s.a.

    Having its headquarters at 45 avenue Kléber, 75116 Paris, France

    Represented by Mr Wladimir Mollof

    Referred to hereafter as the "MANDATEE"

**HEREBY AGREE TO THE FOLLOWING :**

EXHIBIT
Exh. "A"

PARIS · LONDRES · MADRID · MUNICH · NEW YORK · PALO ALTO · PHILADELPHIE · ZURICH

*Advisory and Technical Assistance Mandate*                                     *Apax Partners & Cie*

## A. MANDATE OBJECTIVE

The MANDATOR has enlisted the services of the MANDATEE with a view to identify, approach and to negotiate on behalf of the MANDATOR the acquisition of one or two companies specializing in medium-priced women's fashion accessories in Continental Europe, the "Targets". The targets identified are Cleopatre - prime target -, Biche de Bere, Agatha, Domino and Picpus in France, Bijoux Brigitte in Germany.

The MANDATEE may also identify additional targets to be submitted to the MANDATOR, and also assist the MANDATOR, if he so wishes, with the acquisition of Bijoux One in Switzerland.

The term acquisition refers to all operations whereby the MANDATOR or a company under its control acquires a holding in the "Targets", control of the "Targets", or part of the assets of the "Targets".

The MANDATEE's work will be in two stages

1. Preparation of an Information Memorandum and valuation of the "Targets". At this stage, the MANDATOR will decide whether to pursue the opportunity further.

2. Should a decision be taken to enter into negotiations, the MANDATEE will assist in the formulation of an offer, the management of the due diligence process and the final negotiations.

The MANDATEE will not be authorised to commit the MANDATOR to any obligations regarding the vendor. The decision as to whether to proceed with the acquisition as well as the acceptance of the terms and conditions of the acquisition will be solely the decision of the MANDATOR.

## B. EXCLUSIVITY

The mandate is exclusive to both parties for its duration, stipulated in paragraph J below. The MANDATOR agrees, for the duration of the mandate, not to enlist the services of any other party to provide advisory services similar to those provided for under the present mandate. Equally the MANDATEE agrees not to accept any other mandate concerning the acquisition of the "Targets".

In addition, the MANDATOR, for a period of one year following the expiration of this present mandate, commits to use the services of Apax Partners & Cie Finance s.a. for the acquisition of all or part of the share capital or assets of the "Targets", or failing which, will pay to Apax Partners & Cie Finance s.a. the sums due under the present mandate.

Should the MANDATOR decide at any stage not to proceed with the acquisition of the "Targets", the MANDATEE will be free to present the "Targets" as an acquisition opportunity to any other parties of its choice.

*Advisory and Technical Assistance Mandate*          *Apax Partners & Cie*

**C. FEES**

The fees payable under this mandate in consideration for the work stipulated in paragraph A will be as follows:

C(1) A retainer fee of US$ 18,000 per month up to maximum US$ 90,000. The retainer fee will be due at the beginning of each month (or 30 day period) on receipt of the invoice, the first payment will be due upon acceptance of the terms and conditions of the present mandate.

The amount due under this paragraph will be deducted in full from any success fee payable under C(2) below.

(2) Upon <u>conclusion of the acquisition</u>, and only upon conclusion, the MANDATOR will pay to the MANDATEE a success fee calculated as a percentage of the total consideration. If the acquisition fails to close for any reason, including but not limited to a default on the part of the MANDATOR, no success fee will be payable.

The total consideration, for purposes of this mandate, will be calculated as the sum of all amounts payable pursuant to the acquisition agreement, including all amounts paid upon the signing of the agreement and all future amounts to be paid, in any form, by the MANDATOR or any associated party. This amount will include exceptional dividends or any other payments provided for under the acquisition agreement and will include, in the case of an acquisition of assets (as opposed to capital stock), all bank debt.

The success fee will be calculated as follows:

5% (HT) from 0 to US$ 2.0 million
4% (HT) from US$ 2.0 to US$ 4.0 million
3% (HT) from US$ 4.0 to US$ 5.0 million
2% (HT) from US$ 5.0 to US$ 6.0 million
1% (HT) over and above US$ 6.0 million.

This success fee, which will be subject to a minimum of US$ 250 000, will be payable in full on the date of conclusion of the acquisition.

For the purposes of currency translation, if applicable, the official exchange rate of the 'Bourse de Paris' on the date of signature will apply.

*Advisory and Technical Assistance Mandate*                                *Apax Partners & Cie*

### D. RESPONSIBILITY

The MANDATEE agrees to provide all the necessary means at its disposal to ensure the successful conclusion of its assignment.

The MANDATEE however cannot guarantee the outcome of negotiations, its role being solely that of advisor to the MANDATOR.

All documents prepared by the MANDATEE and delivered under the mandate will be prepared from information provided by the vendor, the MANDATOR or publicly available information sources and as such the MANDATEE cannot accept any responsibility whatsoever for the accuracy or completeness of their content.

The MANDATOR should not rely on these documents as a substitute for its own due diligence and the MANDATEE accepts no responsibility for any errors or omissions.

### E. EXPENSES

All reasonable out-of-pocket expenses incurred during the course of the mandate will be for the account of the MANDATOR.

All fees and commissions payable to outside advisors called upon to assist in the completion of the transaction subject to the agreement of the MANDATOR will be for the account of the MANDATOR.

The above fees and expenses will be invoiced on a monthly basis.

### F. PUBLICITY

The MANDATEE, following the completion of the transaction, will be free to publish at its expense, in various newspapers and magazines, a description of its role in the transaction.

### G. NOTIFICATIONS

Notices may be made by any means that is convenient as long as evidence of communication is available.

Notices should be sent to the addresses indicated in the present mandate unless either of the parties has communicated a change of address or it is clear that an address has changed.

*Page 4*

*Advisory and Technical Assistance Mandate*          *Apax Partners & Cie*

## H. CONFIDENTIALITY

The MANDATEE will keep confidential all information communicated to it by the MANDATOR under the present mandate and will only use this information to carry out its duties under the present mandate.

The MANDATEE agrees to return to the MANDATOR all documents that have been communicated to it upon the request of the MANDATOR and will not keep any copies or excerpts thereof.

## I. INDEMNITY

The MANDATOR will indemnify the MANDATEE for all losses, claims and damages to which the MANDATEE may become liable as a result of the present mandate, unless it is determined by court decision that these losses, claims or damages result from the negligence of the MANDATEE.

The MANDATOR will reimburse the MANDATEE, without delay, all fees and expenses relating to its defense in any proceedings brought against it as a result of the present mandate. It is also agreed that if the MANDATEE is at fault, then these fees and expenses will be repaid to the MANDATOR.

## J. VALIDITY

This mandate becomes effective at the date of signature and will be valid for a period of one year, renewed automatically for periods of 6 months, unless terminated in writing.

The mandate will terminate automatically upon both the completion of the transaction and the payment of all sums under this agreement.

Either party can terminate the agreement by registered mail with a minimum notice of thirty days, however:

(a) clauses C, E, H and I of the present mandate will remain valid following the termination of the mandate, and

(b) if the mandate is terminated and a transaction is completed within one year of the termination, the MANDATOR will pay the MANDATEE the success fee described in paragraph C(2).

This mandate will be governed by French law and Florida state law. Any dispute rising from the interpretation and application of the present mandate will be brought before a tribunal within the jurisdiction of the Court of Appeal of Paris, and that of the Main Court in the state of Florida.

*Advisory and Technical Assistance Mandate* *Apax Partners & Cie*

Written in two originals

Claire's Stores Inc.

*[signature]*

By Rowland Schaefer

Apax Partners & Cie Finance s.a.

*[signature]*

By Wladimir Mollof