UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6085-CIV-MOORE

CLAIRE'S STORES, INC., )
)
    Plaintiff, )
)
v. ) **JOINT SCHEDULING REPORT**
)
APAX PARTNERS & CIE FINANCE, S.A., )
)
    Defendant. )
_____ )

Plaintiff, CLAIRE'S STORES, INC., and Defendant, APAX PARTNERS & CIE FINANCE, S.A., in accordance with the Court's May 8, 2000, Order and Local Rule 16.1(B)(7), Local Rules for the Southern District of Florida, hereby file their Joint Scheduling Report:

**I. NATURE OF THE ACTION**

CLAIRE'S STORES, INC. ("CLAIRE'S") has sued APAX PARTNERS & CIE FINANCE, S.A. ("APAX") for declaratory relief. CLAIRE'S had an agreement with APAX, the Advisory and Technical Assistance Mandate (the "Mandate"), whereby APAX was to facilitate CLAIRE'S purchase of one or more European companies. CLAIRE'S maintains that during the course of negotiations with Cleopatre, a potential acquisition, APAX improperly, and in violation of the Mandate, tried to influence Cleopatre shareholders into pushing for the sale of the company after a majority of the shareholders had already rejected CLAIRE'S purchase offer. CLAIRE'S therefore terminated its agreement with APAX.

CASE NO. 00-6085-CIV-MOORE

CLAIRE'S alleges that, according to an the Mandate, it is only required to pay APAX a Success Fee if CLAIRE'S completes a transaction within one year of the termination date of the Mandate. CLAIRE'S maintains that it properly terminated the Mandate, did not complete its purchase of Cleopatre within the one-year period, and is therefore not obligated to pay APAX a Success Fee. CLAIRE'S seek a declaratory judgment to that effect.

APAX asserts that it is entitled to the Success Fee because the agreement to purchase Cleopatre was finalized, though not completed, within the one-year period and because CLAIRE'S improperly terminated the Mandate.

APAX has answered, raised affirmative defenses and counterclaimed in the above action. The answer basically denies all of the allegations of the plaintiff's claim. The Affirmative Defenses include improper termination of the agreement in question and an intentional delay in holding the closing of the Cleopatre acquisition in an effort to avoid payment of the success fee.

## II.   SUMMARY OF PENDING MOTIONS

CLAIRE'S reply to APAX'S Answer, Affirmative Defenses and Counterclaim is due on July 7th, 2000.

## III.   CASE MANAGEMENT TRACK

A.   The parties recommend that the case be assigned to the standard track pursuant to S.D.Fla. L.R. 16.1(A)(2)(b).

B.   <u>Detailed Schedule of Discovery</u>.

The parties anticipate conducting written discovery and depositions and propose the following deadlines:

    a.   Discovery cut-off: June 1, 2001;

-2-

CASE NO. 00-6085-CIV-MOORE

    b.    Plaintiffs' expert disclosure and submission of expert reports: June 15, 2001;

    c.    Defendant's disclosure of experts and submission of expert reports: July 1, 2001;

    d.    Deadline to depose fact witnesses: June 1, 2001;

    e.    Deadline to depose expert witnesses: July 15, 2000; and

    f.    Deadline to file pretrial motions: August 1, 2000.

C.    <u>Status and Likelihood of Settlement.</u>

The parties have begun to engage in settlement discussion but are unable to predict the likelihood of settlement at this time.

D.    <u>Appearance of Additional Parties</u>

It is not likely that additional parties will be joined.

E.    <u>Proposed Deadlines for Joinder, Amendment, Motions, and Discovery.</u>

The parties propose the following deadlines:

    a.    Joinder and amendment: May 1, 2001;

    b.    Motions: August 1, 2001;

    c.    Fact Discovery: June 1, 2001;

    d.    Expert Discovery: July 15, 2001.

F.    <u>Proposals for the Formulation and Simplification of Issues.</u>

None at this time.

G.    <u>Necessity or Desirability of Amendments to Pleadings.</u>

It is not likely that amendments to the pleadings will be necessary or desired.

CASE NO. 00-6085-CIV-MOORE

H. <u>Possibility of Obtaining Admissions of Fact and of Documents to Avoid Unnecessary Proof</u>.

The parties intend to stipulate as to the authenticity of agreed-upon documents produced by them in the course of this litigation. It is likely that the parties will further agree on admissions of fact and of documents prior to trial.

I. <u>Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence</u>.

None at this time.

J. <u>Reference to Magistrate Judge.</u>

The parties do not agree to a trial before the Magistrate, but have no objection to a Magistrate Judge hearing pre-trial discovery motions.

K. <u>Estimate of Time Required for Trial</u>.

It is projected that it will take three days to try this case, with such estimate subject to change as discovery progresses.

L. <u>Pretrial Conference and Trial</u>.

The Parties believe that a Pretrial Conference will be helpful if this case has to be tried. They recommend that the Pretrial Conference and other required conferences be scheduled in late August of 2001, with trial shortly thereafter in September of 2001.

M. <u>Jury or Non-Jury Trial.</u>

This case will not be tried by a jury.

Dated: this 23rd day of June, 2000.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
Attorneys for Defendant
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Fax: (305) 579-0717

_____
HILARIE BASS
Florida Bar No. 334243

GENOVESE LICHTMAN JOBLOVE &
BATTISTA, P.A.
Attorneys for Defendant
100 Southeast Second Street, 36th Floor
Miami, Florida 33131
Telephone: (305) 349-2300
Fax: (305) 349-2310

_____
CHARLES H. LICHTMAN
Florida Bar No. 501050
JESSICA SERELL ERENBAUM
Florida Bar No. 816000