UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 00-6085 CIV-MOORE

CLAIRE'S STORES, INC.

Plaintiff/Counter-defendant,

vs.

APAX PARTNERS & CIE FINANCE, S.A.,

Defendant/Counter-plaintiff.

_____/

## REPLY IN SUPPORT OF MOTION OF GENOVESE, LICHTMAN TO WITHDRAW AS ATTORNEY FOR APAX

Movant, Genovese, Lichtman, Joblove & Battista, P.A. hereby replies to the objection of

Plaintiff's, Claire's Stores, Inc. to the Motion to Withdraw as attorneys and states:

1.      Without constituting a waiver of attorney-client privilege, the movant represents to

the Court it has made a concerted effort to determine if lines of communication could be established

so that it could proceed forward with representation of Apax Partners in this cause. After due effort,

such continued representation was not possible. The matter is more compounded by the fact that the

firm's legal fees remain unpaid and a reasonable request for a retainer was refused to cover the

expensive out-of-pocket costs related to international air fare and hotel expense for a week's worth

of depositions.  To put it simply, there has been no response from the client about any matters

related to the case and at the present time there is no relationship between this law firm and Plaintiff.

We have done all diligence necessary to attempt to move the case at a reasonable pace as well as to

communicate with the client.

2.      The Plaintiff suggests that the Court should not allow movant's law firm to withdraw

as counsel and to compel us to attend a week's worth of depositions in Europe. Simply put, there

CASE NO. 00-6085 CIV-MOORE

is no legal precedent to mandate that action and it is not even reasonable to suggest same. On the contrary, it is simply a ridiculous proposition, especially given the lack of a relationship between Apax and defense counsel. We mean no disrespect to the Court, and we are not trying to anticipate any potential ruling, but the Court simply cannot compel Florida lawyers to get on an airplane and travel to Europe for an extended period to take depositions in a case. Additionally, to suggest, as the Plaintiff has done, that dismissal of the counter-claim under these circumstances is appropriate is without legal precedent and a totally inappropriate remedy for withdrawal of counsel. Standard procedure in a case such as this is to give the Defendant leave of court to find new counsel, and if that fails, to then fashion some other remedy. Finally, the whole proposition of the European depositions it made more ludicrous by the uncontested fact that even as of this date NO DEPOSITION HAS EVER EVEN BEEN NOTICED!

WHEREFORE, GENOVESE, LICHTMAN, JOBLOVE & BATTISTA, P.A. respectfully request this Court to forthwith allow it to withdraw as counsel for a APAX PARTNERS & CIE FINANCE, S.A.

GENOVESE LICHTMAN JOBLOVE & BATTISTA
Attorneys for defendant
100 Southeast Second Street, 36th floor
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile:  (305) 349-2310

By:_____
Charles H. Lichtman, Esquire
Florida Bar No. 501050

GENOVESE LICHTMAN JOBLOVE & BATTISTA, P.A.
BANK OF AMERICA TOWER - 100 SOUTHEAST 2ND STREET, 36TH FLOOR, MIAMI, FLORIDA 33131 TELEPHONE (305) 349-2300

CASE NO. 00-6085 CIV-MOORE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this ____ day of March, 2001, a true and correct copy of

the foregoing was mailed to: Hilarie Bass, Esquire, Greenberg Trauring, P.A, 1221 Brickell Avenue,

Miami, Florida 33131.

_____
Charles H. Lichtman

X:\Documents\WX\A\APAX\pleadings\Reply in support of M-GLJB to withdraw as atty for Apax