UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6085-CIV-MOORE

CLAIRE'S STORES, INC., )
)
    Plaintiff, )
)
v. ) **MOTION TO COMPEL APPEARANCE**
) **OF WITNESS AT DEPOSITION**
APAX PARTNERS & CIE FINANCE, S.A., )
)
    Defendant. )
_____/

    Plaintiff, CLAIRE'S STORES, INC. ("Claire's"), by and through undersigned counsel and pursuant to Local Rule 26.1(H), hereby files its motion for an Order requiring that Defendant APAX PARTNERS & CIE FINANCE, S.A. ("Apax") make available for deposition its most knowledgeable representative with personal knowledge regarding Apax's dealings with Cleopatre, efforts to facilitate the purchase of Cleopatre by Claire's Stores, Inc., and the counterclaim brought by Apax against Claires. In support thereof, Plaintiff states as follows:

    1. On March 19, counsel for Defendant, Genovese Joblove Lichtman & Battista, P.A. ("Genovese Joblove"), filed a Motion to Withdraw as counsel for Apax.

    2. On March 21, 2001, Plaintiff filed a Response and Objection to Genovese Joblove's motion, expressing concern that the withdrawal would most likely scuttle efforts to hold scheduled depositions in Paris, France, during the week of April 16, 2001. Plaintiff expressed its concern that the withdrawal of counsel without an extension of the discovery cut-off date would put the Plaintiff in the position of being unable to reschedule the long-set week's worth of European depositions in the case of all of the critical fact witnesses.

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE MIAMI, FLORIDA 33131
305-579-0500  FAX 305-579-0717  www.gtlaw.com
MIAMI NEW YORK WASHINGTON, D.C. ATLANTA PHILADELPHIA TYSONS CORNER SÃO PAULO
FORT LAUDERDALE WEST PALM BEACH ORLANDO TALLAHASSEE BOCA RATON

3. On March 21, 2001, the Court granted Genovese Joblove's a Conditional Motion to Withdraw, conditional upon a notice of appearance being filed by substitute counsel. A copy of the Order is attached hereto as "Exhibit A."

4. Genovese Joblove has informed Plaintiff's counsel that they are unable to communicate with Apax, and that no substitute counsel has been obtained.

5. On March 28, 2001, Plaintiff wrote Defense counsel seeking confirmation as to whether the previously scheduled deposition of the most knowledgeable representative of the Defendant would go forward on April 17, 2001. A copy of the letter is attached hereto as "Exhibit B."

6. In response to inquires from Plaintiff's counsel, counsel for Apax Charles Lichtman indicated that "I have had no contact with the client who has not responded to my letters or my motion [to withdraw as counsel] in any fashion. I have told the client, however, that the deposition was noticed and that if they were not to appear for the deposition, it was highly likely that the court would enter sanctions and perhaps even dismiss claims against Apax." A copy of the letter from Defendant's counsel to Plaintiff's counsel is attached hereto as "Exhibit C."

7. Plaintiff's counsel is now in an untenable position. Counsel has no idea whether someone from Apax will show up in Paris for this deposition at the appointed time and date and has no desire to waste the time and expense of traveling to Paris without receiving confirmation of Defendant's intention to appear. Further, if Genovese Joblove cannot reach Apax, then it will be impossible for Plaintiff's counsel to confirm whether someone from Apax will be showing up for deposition.

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE, MIAMI, FLORIDA 33131
305-579-0500  FAX 305-579-0717  www.gtlaw.com
MIAMI  NEW YORK  WASHINGTON, D.C.  ATLANTA  PHILADELPHIA  TYSONS CORNER  SÃO PAULO
FORT LAUDERDALE  WEST PALM BEACH  ORLANDO  TALLAHASSEE  BOCA RATON

8. Plaintiff's counsel can not reasonably be expected to travel to Paris without knowing with certainty that the witness will be present and represented by counsel. Additionally, it is unacceptable for Plaintiff to be in the position of facing a discovery cut-off date with opposing counsel asserting that they cannot facilitate any discovery because they cannot contact their client.

9. Trial is currently set for the two-week period beginning July 16, 2001, with a discovery cut-off date of June 2, 2001. The Court has denied the parties' joint motion to extend the discovery cut-off to facilitate a second possible trip to Europe to complete discovery in the event depositions of all ten potential deponents cannot be completed in April. If the April depositions do not go forward, it will be impossible to secure new dates amenable to Plaintiff's counsel, Defendant's counsel, and the deponents in time for the discovery cutoff. This is especially true if new counsel substitutes for Genovese Joblove.

WHEREFORE, Plaintiff Claire's Stores, Inc., respectfully requests that this Court enter an Order compelling the appearance of Apax's corporate representative for deposition, or, in the alternative, either (1) continuing all pretrial deadlines and trial date for at least four months or (2) dismissing Apax's counterclaim.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
Attorneys for Defendant
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Fax: (305) 579-0717

HILARIE BASS
Florida Bar No. 334243
BARRY ROTHBERG
Florida Bar No. 0160873

CASE NO. 00-6085-CIV-MOORE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by Facsimile and U.S. Mail to **Charles H. Lichtman, Esq**. of Genovese Lichtman Joblove & Battista, P.A., 100 Southeast Second Street, 36th Floor, Miami, FL 33131., on this __13__ day of April, 2001.

_____
BARRY ROTHBERG

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE, MIAMI, FLORIDA 33131
305-579-0500  FAX 305-579-0717  www.gtlaw.com
MIAMI  NEW YORK  WASHINGTON, D.C.  ATLANTA  PHILADELPHIA  TYSONS CORNER  SÃO PAULO
FORT LAUDERDALE  WEST PALM BEACH  ORLANDO  TALLAHASSEE  BOCA RATON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 00-6085-CIV-MOORE

CLAIRE'S STORES, INC.
    Plaintiff,

vs.

**CONDITIONAL ORDER OF WITHDRAWL**

APAX PARTNERS & CIE FINANCE, S.A.,

    Defendant.

_____/

THIS CAUSE came before the Court upon the motion of Genovese Lichtman Joblove & Battista to withdraw as counsel for Defendant Apax Partners & Cie Finanace, S.A. (filed March 19, 2001). The discovery period is scheduled to close in approximately two months, and the parties recently represented to the Court that they had scheduled the depositions of ten witnesses, outside of the United States, during the week of April 16, 2001. Additionally, the Defendant is a corporate entity unable to appear before the Court *pro se*.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is ORDERED AND ADJUDGED that the said motion to withdraw is hereby GRANTED; effective, however, only upon notice of appearance being filed by substitute counsel.

DONE AND ORDERED in Chambers at Miami, Florida, this 21st day of March, 2001.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

copies provided:
Hilarie Bass, Esq.    Charles H. Lichtman, Esq.
Barry Rothberg, Esq.  Jessica Serell Erenbaum, Esq.
Allain Malloit

Since the initiation of this Court's FAXBACK program, the parties are no longer required to submit envelopes with their motions & proposed orders. Orders should include a full service list.

EXHIBIT A


ATTORNEYS AT LAW



Hilarie Bass
(305) 579-0745
Facsimile: (305) 579-0641
bassh@gtlaw.com

March 28, 2001

**VIA FACSIMILE AND U.S. MAIL**

Charles Lichtman, Esq.
Genovese Lichtman Joblove & Battista, P.A.
100 Southeast Second Street, 36th Floor
Miami, Florida 33131

    Re: *Claire's Stores, Inc. v. Apax Partners & CIE Finance, S.A.*

Dear Chuck:

    I am in receipt of your recent letter and thought it best to try and clear the air about our client's position regarding your effort to withdraw.

    We had no objection to your effort to withdraw and never intended to suggest that we were arguing in favor of forcing you to take depositions in Europe for a client that is not paying you. On the other hand, when Jennifer first raised the subject about your possible withdrawal from the case, we stated that while we had no objection to your replacement as counsel, our agreement to your withdrawal could not be given without assurance that it would be without prejudice to our client. This could have been secured by your immediate filing of the motion to withdraw in sufficient time to ensure that replacement counsel would have been obtained in enough time for them to go forward with the depositions. This was not done. We were therefore put in the position of having to deal with your withdrawal without either having obtained an extension of the discovery cut-off date — something the Court had already recently rejected — or any assurance that substitute counsel would be able to go forward with the previously scheduled depositions.

    As I have no other week available on my calendar to take the European depositions between now and June 1, 2001, to allow your withdrawal without insisting on one of these two alternatives would have a materially adverse consequence on our client i.e., being left with a June 1 discovery cut off date which the judge has refused to extend — without any confirmation that the depositions would be able to be reset within

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE MIAMI, FLORIDA 33131
305-579-0500  FAX 305-579-0717  www.gtlaw.com
MIAMI  NEW YORK  WASHINGTON, D.C.  ATLANTA  PHILADELPHIA  TYSONS CORNER  CHICAGO  BOSTON  PHOENIX  WILMINGTON  LOS ANGELES  DENVER
SÃO PAULO  FORT LAUDERDALE  BOCA RATON  WEST PALM BEACH  ORLANDO  TALLAHASSEE

Mr. Charles Lichtman, Esq.
March 28, 2001
Page 2

that time. Accordingly, we requested that the Court either allow the depositions to go forward on the planned dates, something that could be accommodated by the new counsel, or have the Court reconsider it's prior denial of the joint motion for continuance that we filed. We happily extend all professional courtesies to opposing counsel, but cannot willingly agree to your withdrawal irrespective of the potentially adverse result it might have on our client.

In light of the Court's order, it is unclear whether you plan to once again seek an extension of the discovery cut-off and trial date — a motion in which we would happily join — or whether you plan to have the depositions go forward on their scheduled date and be taken either by you or your replacement counsel.

Please let me know your decision at your earliest convenience so that can confirm or cancel our travel arrangements. Thank you.

Sincerely,

Hilarie Bass

# GENOVESE LICHTMAN JOBLOVE & BATTISTA
P.A.
*Attorneys at Law*

In Association With
Coston & Lichtman

Charles H. Lichtman
Telephone 305.349.2313
email clichtman@gljb.com

April 11, 2001

*Via Facsimile 305/579-0717*

Hilarie Bass, Esq.
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, FL 33131

Re: **Claire's Stores, Inc. v. Apax Partners**

Dear Hilarie:

As I believe you know I am in Colorado and my secretary read to me your recent letter regarding the deposition in France. For informational purposes, I have had no contact with the client who has not responded to my letters or my motion in any fashion. I have told the client, however, that the deposition was noticed and that if they were not to appear at the deposition, it was highly likely that the court would enter sanctions and perhaps even dismiss claims against Apax. That's the best I can do.

Sincerely,

Charles H. Lichtman

CHL/low
cc: Alain Maillot, Esq.

**SIGNED IN ABSENTIA
TO EXPEDITE FACSIMILE TRANSMISSION**

X:\Documents\WX\A\APAX\letters\HilarieBass-ltr 003


EXHIBIT C