NIGHT BOX
FILED

APR 24 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6085-CIV-MOORE

CLAIRE'S STORES, INC.,    )
                          )
    Plaintiff,             )
                          )
v.                        )    **MOTION FOR STATUS CONFERENCE**
                          )
APAX PARTNERS & CIE FINANCE, S.A.,  )
                          )
    Defendant.             )
_____/

Plaintiff, CLAIRE'S STORES, INC. ("Claire's"), by and through undersigned counsel, hereby files its motion for an Order setting a status conference in this case. In support thereof, Plaintiff states as follows:

1. On March 19, 2001, counsel for Defendant, Genovese Joblove Lichtman & Battista, P.A. ("Genovese Joblove"), filed a Motion to Withdraw as counsel for Apax.

2. On March 21, Plaintiff filed a Response and Objection to Genovese Joblove's motion, expressing concern that the withdrawal would most likely scuttle efforts to hold scheduled depositions in Paris, France, during the week of April 16, 2001. Plaintiff expressed its concern that the withdrawal of counsel without an extension of the discovery cut-off date would put the Plaintiff in the position of being unable to reschedule the long-set week's worth of European depositions in the case of all of the critical fact witnesses.

3. On March 21, the Court granted Genovese Joblove's Motion to Withdraw, conditional upon a notice of appearance being filed by substitute counsel. A copy of the Order is attached hereto as "Exhibit A."

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE  MIAMI, FLORIDA 33131
305-579-0500  FAX 305-579-0717  www.gtlaw.com
MIAMI  NEW YORK  WASHINGTON, D.C.  ATLANTA  PHILADELPHIA  TYSONS CORNER  SÃO PAULO
FORT LAUDERDALE  WEST PALM BEACH  ORLANDO  TALLAHASSEE  BOCA RATON

4. Genovese Joblove has informed Plaintiff's counsel that they are unable to communicate with Apax, and that no substitute counsel has been obtained.

5. On March 28, Plaintiff wrote Defense counsel seeking confirmation as to whether the previously scheduled deposition of the Defendant's most knowledgeable representative would go forward on April 17, 2001. A copy of the letter is attached hereto as "Exhibit B."

6. In response to inquires from Plaintiff's counsel, counsel for Apax Charles Lichtman indicated that "I have had no contact with the client who has not responded to my letters or my motion [to withdraw as counsel] in any fashion. I have told the client, however, that the deposition was noticed and that if they were not to appear for the deposition, it was highly likely that the court would enter sanctions and perhaps even dismiss claims against Apax." A copy of the letter from Defendant's counsel is attached hereto as "Exhibit C."

7. On April 13, being uncertain as to the status of opposing counsel's representation of Apax, or the likelihood that Apax's designated witness would actually appear for the previously-noticed April 17, 2001 deposition, Plaintiff filed a Motion to Compel Appearance of Witness at Deposition.

8. Not having any additional communication from Genovese Joblove, Plaintiff's counsel did not travel to Paris. Plaintiff's counsel could not reasonably fly to Europe without having confirmation that the witness would appear, especially since opposing counsel had declared a complete inability to communicate with this client.

9. On April 17, Plaintiff's counsel received a facsimile from Alain Maillot of Darrois Villey Maillot Brochier, a Paris law firm. In their letter, Mr. Maillot stated that he had appeared with Apax's representative at the appointed time and place for the April 17 deposition, and that Plaintiff's counsel was not present. Prior to this communication, Plaintiff's counsel had

CASE NO. 00-6085-CIV-MOORE

no knowledge of Darrois Villey Maillot Brochier and was unaware of that firm's involvement in this case. A copy of the letter from Mr. Maillot is attached hereto as "Exhibit D."

10. The letter from Mr. Maillot also states that "[a]s Charles Lichtman withdrew as counsel for Apax, could you please directly contact us and inform us of the current status of this case and proceeding?"

11. Counsel for Plaintiff responded to Mr. Maillot on the same day, explaining that the trip to Paris was not made due to the inability to confirm that the Apax representative would appear, or even knew that a deposition had been scheduled. Counsel for Plaintiff further explained that Genovese Joblove's withdrawal is conditional upon securing substitute counsel, and that, to date, no substitute counsel has made an appearance in this case. A copy of the letter to Darrois Villey Maillot Brochier is attached hereto as "Exhibit E."

12. Trial is currently set for the two-week period beginning July 16, 2001, with a discovery cut-off date of June 2, 2001. The Court has denied the parties' joint motion to extend the discovery cut-off to facilitate an additional trip to Europe to complete discovery in the event depositions of all ten potential deponents could not be completed in April. Due to the events described in this Motion, no depositions have yet been taken in this case, and as previously represented to the court, all fact witnesses reside in Europe.

13. At this time, Plaintiffs are unaware of any counsel substituting for Genovese Joblove. It is now impossible for Plaintiff's counsel to travel to Paris before the June 2 discovery cut-off, even if substitute counsel were obtained tomorrow and said substitute counsel were immediately prepared to travel to Paris.

14. Plaintiff therefore seeks a status conference with the Court to explore (1) the status regarding the counsel of record for Defendant Apax, and (2) the current pretrial deadlines and trial date in view of the inability to conduct fact depositions in this case.

WHEREFORE, Plaintiff Claire's Stores, Inc., respectfully requests that this Court enter an Order scheduling a Status Conference in this case so that the parties may resolve outstanding issues including counsel of record and discovery deadlines..

Respectfully submitted,

GREENBERG TRAURIG, P.A.
Attorneys for Defendant
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Fax: (305) 579-0717

HILARIE BASS
Florida Bar No. 334243
BARRY ROTHBERG
Florida Bar No. 0160873

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by Facsimile and U.S. Mail to **Charles H. Lichtman, Esq.** of Genovese Lichtman Joblove & Battista, P.A., 100 Southeast Second Street, 36th Floor, Miami, FL 33131., on this 24 day of April, 2001.

BARRY ROTHBERG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 00-6085-CIV-MOORE

CLAIRE'S STORES, INC.
    Plaintiff,

vs.

**CONDITIONAL ORDER
OF WITHDRAWL**

APAX PARTNERS & CIE FINANCE, S.A.,

    Defendant.

MAR 2 ...

THIS CAUSE came before the Court upon the motion of Genovese Lichtman Joblove & Battista to withdraw as counsel for Defendant Apax Partners & Cie Finanace, S.A. (filed March 19, 2001). The discovery period is scheduled to close in approximately two months, and the parties recently represented to the Court that they had scheduled the depositions of ten witnesses, outside of the United States, during the week of April 16, 2001. Additionally, the Defendant is a corporate entity unable to appear before the Court *pro se*.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is ORDERED AND ADJUDGED that the said motion to withdraw is hereby GRANTED; effective, however, only upon notice of appearance being filed by substitute counsel.

DONE AND ORDERED in Chambers at Miami, Florida, this 21st day of March, 2001.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

copies provided:
Hilarie Bass, Esq.   Charles H. Lichtman, Esq.
Barry Rothberg, Esq.  Jessica Serell Erenbaum, Esq.
Allain Malloit

Since the initiation of this Court's FAXBACK program, the parties are no longer required to submit envelopes with their motions & proposed orders. Orders should include a full service list.






ATTORNEYS AT LAW

Hilarie Bass
(305) 579-0745
Facsimile: (305) 579-0641
bassh@gtlaw.com

March 28, 2001

**VIA FACSIMILE AND U.S. MAIL**

Charles Lichtman, Esq.
Genovese Lichtman Joblove & Battista, P.A.
100 Southeast Second Street, 36th Floor
Miami, Florida 33131

    Re: *Claire's Stores, Inc. v. Apax Partners & CIE Finance, S.A.*

Dear Chuck:

    I am in receipt of your recent letter and thought it best to try and clear the air about our client's position regarding your effort to withdraw.

    We had no objection to your effort to withdraw and never intended to suggest that we were arguing in favor of forcing you to take depositions in Europe for a client that is not paying you. On the other hand, when Jennifer first raised the subject about your possible withdrawal from the case, we stated that while we had no objection to your replacement as counsel, our agreement to your withdrawal could not be given without assurance that it would be without prejudice to our client. This could have been secured by your immediate filing of the motion to withdraw in sufficient time to ensure that replacement counsel would have been obtained in enough time for them to go forward with the depositions. This was not done. We were therefore put in the position of having to deal with your withdrawal without either having obtained an extension of the discovery cut-off date — something the Court had already recently rejected — or any assurance that substitute counsel would be able to go forward with the previously scheduled depositions.

    As I have no other week available on my calendar to take the European depositions between now and June 1 2001, to allow your withdrawal without insisting on one of these two alternatives would have a materially adverse consequence on our client i.e., being left with a June 1 discovery cut off date which the judge has refused to extend — without any confirmation that the depositions would be able to be reset within

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE MIAMI, FLORIDA 33131
305-579-0500 FAX 305-579-0717 www.gtlaw.com
MIAMI NEW YORK WASHINGTON, D.C. ATLANTA PHILADELPHIA TYSONS CORNER CHICAGO BOSTON PHOENIX WILMINGTON LOS ANGELES DENVER
SÃO PAULO FORT LAUDERDALE BOCA RATON WEST PALM BEACH ORLANDO TALLAHASSEE

Mr. Charles Lichtman, Esq.
March 28, 2001
Page 2

that time. Accordingly, we requested that the Court either allow the depositions to go forward on the planned dates, something that could be accommodated by the new counsel, or have the Court reconsider it's prior denial of the joint motion for continuance that we filed. We happily extend all professional courtesies to opposing counsel, but cannot willingly agree to your withdrawal irrespective of the potentially adverse result it might have on our client.

In light of the Court's order, it is unclear whether you plan to once again seek an extension of the discovery cut-off and trial date — a motion in which we would happily join — or whether you plan to have the depositions go forward on their scheduled date and be taken either by you or your replacement counsel.

Please let me know your decision at your earliest convenience so that can confirm or cancel our travel arrangements. Thank you.

Sincerely,

Hilarie Bass

# GENOVESE LICHTMAN JOBLOVE & BATTISTA
### P.A.
*Attorneys at Law*

In Association With
Coston & Lichtman

Charles H. Lichtman
Telephone 305.349.2313
email: clichtman@gljb.com

April 11, 2001

*Via Facsimile 305/579-0717*

Hilarie Bass, Esq.
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, FL 33131

    Re: **Claire's Stores, Inc. v. Apax Partners**

Dear Hilarie:

    As I believe you know I am in Colorado and my secretary read to me your recent letter regarding the deposition in France. For informational purposes, I have had no contact with the client who has not responded to my letters or my motion in any fashion. I have told the client, however, that the deposition was noticed and that if they were not to appear at the deposition, it was highly likely that the court would enter sanctions and perhaps even dismiss claims against Apax. That's the best I can do.

    Sincerely,

    Charles H. Lichtman

CHL/low
cc: Alain Maillot, Esq.

**SIGNED IN ABSENTIA
TO EXPEDITE FACSIMILE TRANSMISSION**

X.\Documents\WX\A\APAX\letters\HilarieBass-ltr 003



---

Bank of America Tower • 100 Southeast Second Street, 36th Floor • Miami, Florida 33131 • Telephone: 305.349.2300 • Facsimile 305.349.2310

17/04 01 MAR 12:40 FAX 33  1  45 01 50 47    DARROIS VILLEY



## DARROIS VILLEY MAILLOT BROCHIER
69, AVENUE VICTOR HUGO - 75783 PARIS CEDEX 16

JEAN-MICHEL DARROIS
*Membre du Conseil de l'Ordre*

PHILIPPE VILLEY
ALAIN MAILLOT
EMMANUEL BROCHIER
MATTHIEU DE BOISSÉSON
FRANÇOIS SUREAU
MARIE-NOËLLE COMPÉ
OLIVIER DIAZ
GENE DYE *

*Avocats Associés*

STÉPHANE ANCRI
CORALIE BLUM
CYRIL BONAN
EVELYNE BROCARD
PIERRE CASANOVA
PIERRE DUPREY
PÉNÉLOPE DUTET
PIERRE GACHOT
VINCENT DE LARAUZE
SANDRINE PERROTET
ÉMILIE PRILLARD
DAVID L. SCEMLA
ÉMILIE VASSEUR
DANIEL VILLEY

*Avocats*

JOSHUA CAMMAKER *
*Avocat au Barreau de New York*

TÉLÉPHONE : 01 45 02 19 19
TÉLÉCOPIEUR : 01 45 01 91 68

Mrs Hilarie Bass, Esq.
Greenberg Traurig, P.A.
Attorneys at Law
Fax: 00 1 305 579 0717

Paris, April 17, 2001

**CONFIDENTIAL**

Re: Apax / Claire's
Your Re : Claire's Stores, Inc. v. Apax Partners & Cie Finance, S.A.

Dear Mrs. Bass,

We are Apax Partners & Cie Finance's French lawyers.

Last week, Charles Lichtman sent us your Notice of Deposition to Apax Partners & Cie for Tuesday, April 17, 2001, 10:00 a.m., at Salans Hertzfeld & Heilbronn, 9, rue Boissy d'Anglas, 75008 Paris.

Apax' representative Wladimir Mollof and I went to Salns Hertfeld Heilbronn this morning at the mentionned time, but nobody there was informed of the case and Notice of Deposition.

As Charles Lichtman withdrew as counsel for Apax, could you please directly contact us and inform us of the current status of this case and proceeding ?

We thank you in advance.

Yours sincerely,

PO. P. Dutet
Alain Maillot
Avocat à la Cour

P. Dutet
Pénélope Dutet
Avocat à la Cour

Enc.

*Membres d'une association agréée - Règlement des honoraires par chèque.*




**Hilarie Bass**
(305) 579-0745

April 17, 2001

**VIA FACSIMILE**

Alain Maillot
Penelope Dutet
Darrois Villey Maillot Brochier
69, Avenue Victor Hugo
75783 Paris Cedex 16

      Re: *Claire's Stores, Inc. v. Apax Partners & CIE Finance, S.A.*

Dear Mr. Maillot and Ms. Dutet:

      We are in receipt of your April 17, 2001 letter. We did not appear for the previously-noticed deposition because we were unable to confirm with Charles Lichtman that either he or Mr. Mollof would actually be attending. Mr. Lichtman informed us in writing that he would not be traveling to Paris and that he had received no communication whatsoever from your client regarding this case or their intention to appear for the deposition. In view of our concerns regarding the June 2 discovery cut-off date in this case, and because we could not confirm Mr. Mollof's appearance, we have filed a Motion to Compel Appearance of Witness at Deposition.

      Charles Lichtman has in fact moved to withdraw as counsel, but the Court has ordered that he be permitted to do so <u>only</u> upon providing notice of substitute counsel. At this time we are still unaware of any U.S. counsel substituting for Mr. Lichtman.

      We were unaware of your involvement in this case until receiving your correspondence. Please advise if Apax has retained substitute American counsel, and the timing for their filing of a notice of appearance in this matter.

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE   MIAMI, FLORIDA 33131
305-579-0500   FAX 305-579-0717   www.gtlaw.com

MIAMI   NEW YORK   WASHINGTON, D.C.   ATLANTA   PHILADELPHIA   TYSONS CORNER   CHICAGO   BOSTON   PHOENIX   WILMINGTON   LOS ANGELES   DENVER
SÃO PAULO   FORT LAUDERDALE   BOCA RATON   WEST PALM BEACH   ORLANDO   TALLAHASSEE

Alain Maillot and Penelope Dutet
February 17, 2001
Page 2

      Until such time as a notice of substitution is filed with the Court, only Mr. Lichtman has authority on behalf of Apax to move this case forward to resolution. We do not see how we can properly proceed in this case so long as Apax lacks U.S. representation.

Sincerely,<br><br>Hilarie Bass

HB/bzr

cc: Charles Lichtman, Esq.