UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6085-CIV-MOORE

CLAIRE'S STORES, INC., )
 )
    Plaintiff, )
 )
v. ) **MOTION TO CONTINUE DISCOVERY**
 ) **CUT-OFF, PRETRIAL MOTION**
APAX PARTNERS & CIE FINANCE, S.A., ) **DEADLINE, AND TRIAL**
 )
    Defendant. )
_____/

    Plaintiff, CLAIRE'S STORES, INC., in accordance with the Court's August 7, 2000, Order and Local Rule 16.1(B)(7), Local Rules for the Southern District of Florida, hereby moves this Court for an order (1) continuing the trial sixty (60) days; (2) granting the parties a sixty (60) day extension of time within which to complete discovery; and (3) granting the parties a sixty (60) day extension of time within which to submit pretrial motions. As grounds for this motion, Plaintiff states as follows:

    1.    Pursuant to the Court's Order of August 7, 2000, trial in this case is currently set for the two-week period beginning July 16, 2001. Pursuant to the Court's Order of May 22, 2001, the discovery cut-off date is June 29, 2001, and pretrial motions are due on July 2, 2001.

    2.    On March 19, 2001, counsel for Defendant, Genovese Joblove Lichtman & Battista, P.A. ("Genovese Joblove"), filed a Motion to Withdraw as counsel for Defendant Apax.

    3.    On March 21, Plaintiff filed a Response and Objection to Genovese Joblove's motion, expressing concern that the withdrawal would most likely scuttle efforts to hold scheduled depositions in Paris, France, during the week of April 16, 2001. Plaintiff expressed its

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE MIAMI, FLORIDA 33131
305-579-0500 FAX 305-579-0717 www.gtlaw.com
MIAMI NEW YORK WASHINGTON, D.C. ATLANTA PHILADELPHIA TYSONS CORNER CHICAGO BOSTON PHOENIX WILMINGTON LOS ANGELES DENVER
SÃO PAULO FORT LAUDERDALE BOCA RATON WEST PALM BEACH ORLANDO TALLAHASSEE

concern that the withdrawal of counsel without an extension of the discovery cut-off date would put the Plaintiff in the position of being unable to reschedule the long-set week's worth of European depositions in the case of all of the critical fact witnesses.

4. On March 21, the Court granted Genovese Joblove's Motion to Withdraw, conditional upon a notice of appearance being filed by substitute counsel. A copy of the Order is attached hereto as "Exhibit A."

5. Genovese Joblove then informed Plaintiff's counsel that they were unable to communicate with Apax, and that no substitute counsel had been obtained.

6. On March 28, Plaintiff wrote Defense counsel seeking confirmation as to whether the previously scheduled deposition of the Defendant's most knowledgeable representative would go forward on April 17, 2001. A copy of the letter is attached hereto as "Exhibit B."

7. In response to inquires from Plaintiff's counsel, counsel for Apax Charles Lichtman indicated that "I have had no contact with the client who has not responded to my letters or my motion [to withdraw as counsel] in any fashion. I have told the client, however, that the deposition was noticed and that if they were not to appear for the deposition, it was highly likely that the court would enter sanctions and perhaps even dismiss claims against Apax." A copy of the letter from Defendant's counsel is attached hereto as "Exhibit C."

8. On April 13, being uncertain as to the status of opposing counsel's representation of Apax, or the likelihood that Apax's designated witness would actually appear for the previously-noticed April 17, 2001 deposition, Plaintiff filed a Motion to Compel Appearance of Witness at Deposition.

9. Not having any additional communication from Genovese Joblove, Plaintiff's counsel did not travel to Paris. Plaintiff's counsel could not reasonably fly to Europe without

having confirmation that the witness would appear, especially since opposing counsel had declared a complete inability to communicate with this client.

10. In an effort to resolve these issues, Plaintiff moved to schedule a status conference. That motion was granted on May 15, setting a status conference for May 21, before Magistrate Judge O'Sullivan.

11. On the morning of May 21, the date of the status conference, Charles Lichtman contacted Plaintiff's counsel and informed her that he had resolved his communication problems with Apax, that he would in fact be getting paid, and that he wanted to resume his responsibilities in this case. Mr. Lichtman agreed that, at the status conference, he would support Plaintiff's efforts to continue pre-trial deadlines and the trial date.

12. At the May 21, 2001 status conference, in response to Plaintiff's request, Magistrate Judge O'Sullivan agreed to extend the discovery cut-off to June 29, 2001, and the pretrial motion deadline to July 2, 2001. Judge O'Sullivan did not agree to the parties' joint request for a continuance of at least ninety days, and indicated that this issue needed to be addressed in a motion to the Court.

13. This Court has previously denied the parties' joint motion to extend the discovery cut-off to facilitate an additional trip to Europe to complete discovery in the event depositions of all ten potential deponents could not be completed in April. Due to the events described in this Motion, no depositions have yet been taken in this case, and as previously represented to the court, all fact witnesses reside in Europe.

14. Counsel for Apax abdicated his role in this case for a period of over two months, without securing substitute counsel. As Plaintiff predicted in previous motions filed with this Court, opposing counsel's actions have prejudiced Plaintiff's efforts to conduct discovery before

CASE NO. 00-6085-CIV-MOORE

the discovery cut-off date. Plaintiff should not be prejudiced due to opposing counsel's problems in dealing with his client, or by his actions ignoring the fact that the Court's order on his withdrawal was conditioned upon the substitution of new counsel.

15. It is now impossible for Plaintiff's counsel to travel to Paris before the June 28 discovery cut-off, and counsel for Apax had been informed several months ago that, due to other commitments, Plaintiff's counsel would not be able to travel to Paris during the month of June.

16. The parties have been working diligently to facilitate the depositions as soon as possible. Further, while he disputes some of the characterizations in this motion, Plaintiff's counsel can attest that counsel for Defendant is in favor of a continuance.

17. Plaintiff therefore respectfully requests that the Court extend the discovery cut-off, pretrial motion deadline, and trial date by sixty (60) days. In the alternative, Plaintiff respectfully requests that all witnesses appearing at trial be made available to the opposing counsel for deposition in Miami no later than one week before the start of the trial calendar.

WHEREFORE, Plaintiff Claire's Stores, Inc., respectfully request that this Court continue the discovery cutoff, pretrial motion deadline, and trial date for a period of sixty (60) days from the dates currently set for this case. In the alternative, Plaintiff requests that all witnesses appearing at trial be made available to the opposing counsel for deposition in Miami no later than one week before the start of the trial calendar.

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE MIAMI, FLORIDA 33131
305-579-0500 FAX 305-579-0717 www.gtlaw.com
4
MIAMI  NEW YORK  WASHINGTON, D.C.  ATLANTA  PHILADELPHIA  TYSONS CORNER  CHICAGO  BOSTON  PHOENIX  WILMINGTON  LOS ANGELES  DENVER
SÃO PAULO  FORT LAUDERDALE  BOCA RATON  WEST PALM BEACH  ORLANDO  TALLAHASSEE

CASE NO. 00-6085-CIV-MOORE

Respectfully submitted,

GREENBERG TRAURIG, P.A.
Attorneys for Defendant
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Fax: (305) 579-0717

_____
HILARIE BASS
Florida Bar No. 334243
BARRY ROTHBERG
Florida Bar No. 0160872

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by Facsimile and U.S. Mail to **Charles H. Lichtman, Esq.** of Genovese Lichtman Joblove & Battista, P.A., 100 Southeast Second Street, 36th Floor, Miami, FL 33131, on this ____1____ day of June, 2001.

_____
BARRY ROTHBERG

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE  MIAMI, FLORIDA 33131
305-579-0500  FAX 305-579-0717  www.gtlaw.com

MIAMI  NEW YORK  WASHINGTON, D.C.  ATLANTA  PHILADELPHIA  TYSONS CORNER  CHICAGO  BOSTON  PHOENIX  WILMINGTON  LOS ANGELES  DENVER
SÃO PAULO  FORT LAUDERDALE  BOCA RATON  WEST PALM BEACH  ORLANDO  TALLAHASSEE