UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6085 CIV-MOORE

CLAIRE'S STORES, INC.

    Plaintiff/Counter-defendant,

vs.

APAX PARTNERS & CIE FINANCE, S.A.,

    Defendant/Counter-plaintiff.
_____/



### DEFENDANT APAX'S REPLY TO MOTION TO CONTINUE DISCOVERY CUTOFF, PRETRIAL MOTION DEADLINE AND TRIAL

Defendant, Apax Partners & Cie Finance, S.A., ("Apax") through its undersigned counsel, hereby responds to the motion of Plaintiff Claire's Stores, Inc. ("Claire's") to continue the discovery cutoff dates, the pretrial motion deadline and trial and states:

1.    To state our conclusion first, Apax has no objection to the entry of an order consistent with the relief sought by Claire's. We do submit, however, that defense counsel believes Claire's has inappropriately mischaracterized its handling of this case, and we wish to set the record straight. To be sure, Claire's motion suggests that the scheduling problems in this case were caused by defense counsel, stating, for example, in paragraph 14 of its motion, "counsel for Apax abdicated his role in this case for a period of over two months, without securing substitute counsel." The "abdication" statement simply is not true, aside from the fact, it was the <u>client's</u> obligation to secure new counsel, not the attorneys. As Claire's lawyer knows and was kept advised, even when no legal or ethical obligation to do so was required, but out of professional courtesy and to assure that the Court was apprised of all circumstances, substantial communication difficulties existed between the undersigned and Apax, such that there literally was <u>no</u> communication between attorney and client.

2.    To define the problem, Apax has long been represented in France by Mr. Alain

Maillot, a well known Paris lawyer. Without constituting a waiver of the attorney/client privilege, when the undersigned was retained by Apax, all communications were directed solely through Mr. Maillot, and the undersigned had <u>no personal contact ever</u> with the client. This was at the request of Mr. Maillot who was supposed to be the facilitator of all information back and forth between the parties. Unfortunately, Mr. Maillot's very busy schedule did not enable him to assure reasonable and prompt communications between the parties at any point in time, which is why undersigned counsel declared an inability to communicate with the client. The court is aware that the undersigned counsel made diligent and repeated efforts to get the attention of the client through Mr. Maillot, which finally occurred immediately preceding the court's recent status conference.

3.  These facts are important and could have served as the basis for a joint motion to continue. Nevertheless, the court needs to be aware of these facts and consider them so as to understand that the delay in completing discovery to date was not the result of any dilatory, improper or unethical conduct by defendant's counsel, and as important if not more so, by Apax itself. The communication and legal process was slowed by a third party who has now been totally removed from the communication process, so that Apax and counsel can and do communicate effectively. The parties have acted in good faith and wish to work together to move the case forward. We respectfully suggest that since no one is prejudiced by continuing the case 60 to 90 days, that such an extension of time is appropriate for the proper administration of justice. The failure to provide a continuance would be prejudicial.

> GENOVESE LICHTMAN JOBLOVE & BATTISTA
> Attorneys for Defendant
> 100 Southeast 2nd Street, 36th floor
> Miami, Florida 33131
> Telephone: (305) 349-2300
> Facsimile: (305) 349-2310
>
> _____
> Charles H. Lichtman, Esq.
> Florida Bar No. 501050

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by facsimile and mail this 5th day of June, 2001 to Hilarie Bass, Esquire, Greenberg Traurig, P.A, 1221 Brickell Avenue, Miami, Florida 33131.

By: _____
Charles H. Lichtman, Esq.

X:\Documents\WX\A\APAX\pleadings\1contdisc.motion